UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING LAMONT AVERY,<br><br>Petitioner,<br><br>v.<br><br>ROBERTO ARIAS, Warden,<br><br>Respondent. | No. 2:23-cv-1612 DJC KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2020 conviction for first degree murder with a gun enhancement. Respondent's motion to dismiss and petitioner's motion for stay are before the court.

As discussed below, the undersigned recommends that petitioner's motion for stay be denied, respondent's motion to dismiss be granted, and that petitioner be granted leave to amend to assert only exhausted claims one through four.

Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss under Rule 4.

Background

In 2020, petitioner was convicted in the San Joaquin County Superior Court of first degree murder with an enhancement for personally and intentionally discharging a firearm causing great bodily injury or death. (ECF No. 10-1 at 27.) Petitioner was sentenced to 50 years to life in state prison. (Id.)

Petitioner filed an appeal. On March 14, 2022, the California Court of Appeal modified petitioner's presentence credits and directed the trial court to prepare an amended abstract of judgment reflecting the modification. (ECF No. 10-1 at 46.) As modified, the judgment was affirmed. (ECF No. 10-1 at 48.)

On April 14, 2022, petitioner filed a petition for review in the California Supreme Court. (ECF No. 10-1 at 2.) See also People v. Avery, No. S273891 (3rd Dist. Cal.).[1] On May 18, 2022, the California Supreme Court denied the petition. (ECF No. 10-1 at 1.)

Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

According to respondent, on November 28, 2022, petitioner's request for collateral review was on file in the California Superior Court, case No. CR-2019-0007512, which was denied on September 18, 2023.[2] (ECF No. 13 at 3.)

According to respondent, on April 3, 2023, petitioner's second collateral review application was on file with the San Joaquin County Superior Court in case no. STK-CR-FMISC-2023-0004002, which was denied on June 5, 2023. (ECF No. 13 at 3.)

Petitioner constructively filed his federal petition on July 25, 2023 (ECF No. 1 at 20).

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[2] The application was filed on November 28, 2022, accompanied by a certificate of service claiming it had been mailed on October 20, 2022, which respondent disputes. (ECF No. 13 at 3.)

2

On September 21, 2023, petitioner filed a writ of habeas corpus in the California Court of Appeal, Third Appellate District. In re Sterling Lamont Avery on Habeas Corpus, No. C099496. On October 6, 2023, the state appellate court denied the petition. Id.

As of February 28, 2024, there is no record of petitioner filing a habeas petition in the California Supreme Court.

Petitioner's Claims

Petitioner raises the following four claims included in the petition for review filed in the California Supreme Court: (1) the trial court erroneously permitted evidence of alleged threats against the principal prosecution witness; (2) trial court erroneously excluded evidence which raised a reasonable doubt of guilt, including evidence of the victim's gang membership and a witness' juvenile record; (3) the prosecution committed misconduct in argument to the jury by vouching for witness credibility and misstating a key item of evidence; and (4) the matter must be remanded for resentencing under Amended Penal Code § 12022.53, subd. (h). (ECF No. 1 at 5-15.)

Petitioner includes in his petition the following six claims he states are pending in state court: (1) the trial court violated petitioner's due process rights by improperly instructing the jury with CALCRIM NO. 520; (2) trial counsel was ineffective in violation of the Sixth Amendment by failing to assert petitioner's Fourth Amendment right against unreasonable searches and seizures was violated; (3) trial counsel was ineffective by failing to move to exclude impermissibly suggestive in court and out of court identifications; (4) trial counsel deprived petitioner of his right to a fair trial by overriding petitioner's wishes to testify on his own behalf; (5) trial counsel was ineffective by failing to move for a mistrial and failing to preserve the mistrial issue on appeal; (6) the cumulative effect of the errors prejudiced petitioner's right to due process and the Sixth Amendment. (ECF No. 1 at 51-84.) Such claims are referred to herein as petitioner's claims five through ten.

Motion to Dismiss

On November 8, 2023, respondent filed a motion to dismiss the petition because the petition contained unexhausted claims in addition to the four exhausted claims. (ECF No. 10.)

3

On November 15, 2023, the court issued a notice to petitioner containing information concerning exhaustion of state court remedies, including the two options available to seek a stay of this action. (ECF No. 11.) Petitioner was informed that he could continue exhausting his state court remedies during the pendency of this federal action. (Id. at 3.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993) (per curiam)).

Petitions that mix exhausted and unexhausted claims ordinarily should be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982). However, a Court may not deny a mixed petition without first affording the petitioner an opportunity to amend the petition to delete the unexhausted claims. Butler v. Long, 752 F.3d 1177 (9th Cir. 2014); see also Jefferson v. Budge, 419 F.3d 1013 (9th Cir. 2005).[3]

As argued by respondent, the only filing made in the California Supreme Court was the petition for review, which did not include claims five through ten. Petitioner does not dispute that claims five through ten are unexhausted, but rather seeks to stay this action under Rhines. Thus, the petition is a mixed petition containing unexhausted claims.

Stay and Abeyance

As petitioner was previously advised, there are two procedures available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.

---

[3] Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions. The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001).

4

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted).

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends the petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires a prisoner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Petitioner's Motion for Stay

On December 8, 2023, filed a motion for stay and abeyance, acknowledging the two stay options, and sought a stay under Rhines. (ECF No. 12.) Respondent opposed the motion for stay. Subsequently, petitioner filed a declaration in support of his motion for stay. (ECF No. 14.)

Petitioner's declaration, signed January 7, 2024, was untimely under Local Rule 230(l), but the undersigned considers petitioner's declaration as his reply to respondent's opposition to the motion for stay.

<u>Has petitioner shown good cause?</u>

The "good cause" requirement under <u>Rhines</u> does not require a showing of "extraordinary circumstances." <u>Jackson v. Roe</u>, 425 F.3d 654, 61-662 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005)). The good cause requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." <u>Blake</u>, 745 F.3d at 982. The inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify the failure to exhaust the unexhausted claim in state court. <u>Id.</u> "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust;" but "a reasonable excuse, supported by evidence," will. <u>Id.</u> "[U]nspecific, unsupported excuses for failing to exhaust -- such as unjustified ignorance," do not satisfy the good cause requirement. <u>Id.</u> at 981 (interpreting the holding in <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008)). Courts "also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." <u>Wooten</u>, 540 F.3d at 1024, citing <u>Rhines</u>, 544 U.S. at 276-77.

Petitioner signed the instant petition on July 25, 2023. At that time, petitioner's state habeas petition was pending in the California Superior Court in Case No. CR-2019-0007512. In his motion, petitioner "elects to demonstrate good cause" for his failure to exhaust claims five through ten in state court before filing the instant action (ECF No. 12 at 2), but he does not explain how he has demonstrated good cause. The pendency of petitioner's habeas petition in the California Superior Court, standing alone, does not show good cause for the failure to exhaust such claims in the California Supreme Court before filing the instant action.

////

In his declaration, petitioner now declares that he honestly believed that he would be time barred under AEDPA to wait longer to file the federal petition. (ECF No. 14 at 1.) He claims he does not understand the tolling of time, and thus was uncertain whether he would be time barred by combining the claims. In opposition to respondent's argument that petitioner failed to demonstrate why he did not just wait until he finished exhausting before bringing the instant petition, petitioner claims he is not trained in the law and that the "State of California can still appear when the time is right when it has to." (ECF No. 14 at 2.) Petitioner claims he has "demonstrated his due diligence in bringing all grounds in the court to be decided by the higher court." (ECF No. 14 at 2.)

However, in his federal petition, also signed under penalty of perjury, petitioner addressed the timeliness of the petition by writing: "The judgment was not yet final over a year ago. The one-year statute of limitation under 28 U.S.C. § 2244(d) does not yet apply. And petitioner is currently exhausting all available remedies regarding his conviction." (ECF No. 1 at 18.) Thus, the petition acknowledged that the statute of limitations period had not yet expired by July 25, 2023, the date he signed the instant petition. Indeed, at the time petitioner filed his federal petition, only 103 days of the one-year statute of limitations period had expired.[4] Petitioner's verified statement in the petition undermines his current claim that he was "uncertain" whether his claims would be barred under the statute of limitations because his verified petition cited the applicable statute of limitations and conceded he was in the process of exhausting his state court remedies. Aside from his claim of uncertainty, petitioner provides no evidence in support of such claim. Absent such evidence, the undersigned finds such alleged uncertainty unreasonable given he was still pursuing his first state habeas petition. On appeal, petitioner was represented by counsel, who filed the petition for review raising the first four claims. Petitioner timely filed his

---

[4] The California Supreme Court denied the petition for review on May 18, 2022. Petitioner then had 90 days to file a petition for writ of certiorari in the United States Supreme Court, which expired on Tuesday, August 16, 2022. The AEDPA limitations period began running the next day, August 17, 2022. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that AEDPA limitation period begins running day after triggering event). From August 17, 2022, to November 18, 2022, the date petitioner filed his first application for collateral review in the state superior court, 103 days of the one year limitations period had expired.

pro se habeas petition in the California Superior Court well before the limitations period expired. The circumstances presented here are not like the hypothetical posed in Pace, where the Supreme Court discussed the predicament a petitioner could face if he litigated in the state court for years only to find that the petition was not "properly filed" and not entitled to tolling. Id., 544 U.S. at 416. Unlike the petitioner in Gonzalez, whose "federal filing period [was] severely truncated by a delay in the mandate's issuance," in this case, petitioner was at the beginning of his efforts to exhaust his claims in state court. Gonzalez v. Thaler, 565 U.S. 134, 153-54 (2012) (opining that a petitioner could file a request for a stay and abeyance from the federal district court if faced with such a delay in the issuance of a mandate), (citing see Rhines, 544 U.S. at 277).

Moreover, while petitioner may not be familiar with the law or the principles of tolling, he fails to provide any facts or evidence to explain why he opted to file the federal petition knowing that he had not yet raised his unexhausted claims in the California Supreme Court and, as argued by respondent, could have simply filed his petition in the California Supreme Court after the superior court addressed his petition rather than prematurely filing the instant federal petition.[5]

Further, the unexhausted claims are all based on facts known to petitioner during or shortly after the trial. "[W]here a petitioner was well aware of the factual basis of claims that could have been raised and exhausted in the state courts before petitioner filed a federal habeas petition, 'good cause' for a stay may not have been shown under Rhines." Bucci v. Busby, 2012 WL 868982, at *10 (E.D. Cal. March 13, 2012); see also Smith v. Horel, 2008 WL 2038855, at *5 (C.D. Cal. May 8, 2008) (finding no good cause for petitioner's failure to exhaust a claim where "[t]rial counsel's alleged deficient performance was known or should have been known to Petitioner during or shortly after his trial."); Frluckaj v. Small, 2009 WL 393776, at *5-6 (C.D. Cal. Feb.17, 2009) (finding that where petitioner was aware of a particular claim and could have presented it to California state courts before filing federal habeas petition, petitioner had not

---

[5] The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

shown either "cause" or "good cause" to satisfy Rhines.) Such findings properly evaluate good cause "in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in limited circumstances." Wooten, 540 F.3d at 1024. Allowing petitioner to raise unexhausted claims while his initial state habeas petition was pending in the state superior court, absent a showing of good cause for doing so, would violate such instruction.

Finally, petitioner's claim that he is not trained in the law also does not provide good cause under Rhines. See Hernandez v. California, 2010 WL 1854416, at *2-3 (N.D. Cal. May 6, 2010) (limited education, lack of legal assistance, and routine restrictions on law library access are not sufficient to establish good cause under Rhines); Hamilton v. Clark, 2010 WL 530111, at *2 (E.D. Cal. Feb.9, 2010) (stating "[i]gnorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust."); Moxley v. Neven, 2011 WL 3585069, at *3 (D. Nev. Aug.15, 2011) (concluding that basing a finding of good cause on a petitioner's pro se status "would render stay-and-abey orders routine" and "run afoul of Rhines and its instruction that district courts should only stay mixed petitions in limited circumstances."). "In general, lack of legal knowledge or ignorance of the law does not constitute good cause warranting a Rhines stay. . . ." Torres v. McDowell, 292 F. Supp. 3d 983, 988 (C.D. Cal. 2017).

For the foregoing reasons, the undersigned finds petitioner failed to set forth a reasonable excuse, supported by sufficient evidence, to demonstrate good cause for his failure to exhaust. See Blake, 745 F.3d at 982 ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.") Therefore, there is no need to address whether the unexhausted claims have merit or whether petitioner engaged in intentionally dilatory litigation tactics.[6]

---

[6] That said, unlike the prompt filing petitioner made in the state court of appeals on September 21, 2023, following the superior court's denial on September 18, 2023, petitioner did not promptly file his unexhausted claims five through ten in the California Supreme Court. Indeed, as of February 28, 2024, petitioner had not filed a petition for writ of habeas corpus in the California Supreme Court. Petitioner does not address such failure in his declaration.

Petitioner's motion to stay the mixed petition under Rhines should be denied.[7]

Leave to Amend

On the record before the court, petitioner has not shown "good cause" under Rhines. Thus, the undersigned recommends that the amended petition be dismissed as a mixed petition, and petitioner be directed to file an amended petition containing only exhausted claims. See 745 F.3d at 980 (mixed petition must be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."), citing Rose v. Lundy, 455 U.S. 509 (1982). Petitioner is cautioned that failure to timely file an amended petition will result in dismissal of this action, without prejudice to re-filing if and when state remedies are exhausted as to all claims therein.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for Rhines stay (ECF No. 19) be denied;

2. Respondent's motion to dismiss (ECF No. 10) be granted;

3. The petition for writ of habeas corpus be dismissed;

4. Petitioner be ordered to file an amended federal habeas petition containing only claims one through four; and

5. Petitioner be advised that failure to timely file an amended petition will result in dismissal of this action, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner

---

[7] The Court declines to exercise its discretion to consider whether to sua sponte implement a Kelly stay. See Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[A] district court is not required sua sponte to consider whether it should stay and abey a mixed habeas petition."). Despite being informed of the availability of a stay under Kelly, petitioner affirmatively sought a stay under Rhines, and the instant record is inadequate to determine whether or not a Kelly stay would be futile.

10

1. may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/aver1612.mtd.sty.R.dn